## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAO WEN OU and WEI CHAN, *on Behalf of Themselves and Others Similarly Situated*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>LAN GARDEN RESTAURANT AND BAR INC. *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>16-4429 (MCA) (LDW)<br><br>**OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Plaintiffs Chao Wen Ou ("Ou") and Wei Chan ("Chan") brought this action against defendants Lan Garden Restaurant and Bar, Inc. and John Ng ("Ng") alleging that defendants willfully failed to pay applicable overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Laws. *See* Amended Complaint, ECF No. 41; Final Pretrial Order, ECF No. 85. On March 15, 2019, the undersigned held a bench trial in this matter. ECF No. 87. The Court now issues the following Findings of Fact and Conclusions of Law. *See* Fed. R. Civ. P. 52(a).

### I.    PROCEDURAL HISTORY

Plaintiffs brought this action in August 2016 and filed an Amended Complaint in July 2017. *See* ECF Nos. 1, 41. On February 14, 2018, defense counsel filed a motion to withdraw, citing non-payment by defendants and a breakdown of communications. ECF No. 54. The Court granted that motion on March 13, 2018 and defendant Lan Garden Restaurant and Bar, Inc.'s was deemed in default upon its failure to obtain additional counsel. *See* ECF Nos. 57, 62. Defendant John Ng notified the Court that he would appear *pro se*. ECF No. 61.

During a January 3, 2019 settlement conference, the parties resolved the claims in this action as to plaintiff Chan and agreed to resolve the remaining claims as to plaintiff Ou by way of a bench trial before the undersigned. *See* ECF No. 80. The parties consented to Magistrate Judge jurisdiction. ECF No. 82. The Court held a bench trial on March 15, 2019 during which plaintiff Ou and defendant Ng testified. *See* ECF No. 87. The Court ordered the parties to submit supplemental briefing, which was filed by the parties on June 17, 2019 and June 24, 2019. ECF Nos. 97, 98.

## II.    FINDINGS OF FACT

In 2014, Defendant Ng opened Lan Garden Restaurant and Bar, Inc. ("Lan Garden") in Ridgefield, New Jersey. Tr. at 103:9-10, 22-23. Plaintiff Ou began working at the restaurant as a cook after responding to a newspaper advertisement in September 2014. *Id.* at 15:15-22. Ou's duties included creating the menu, shopping for supplies, and occasionally opening or closing the restaurant.[1] *Id.* at 51:23-52:3; 56:12-15; 114:3-11. Ou also was once given $7,000 by defendant for the purpose of hiring a chef for the restaurant. *Id.* at 128:9-11; 130:3-13. Ou's employment with the restaurant terminated in December 2015. *Id.* at 15:18-19.

During Ou's interview for the position at Lan Garden, Ng and Ou discussed that the total compensation would be $5,000 a month. *Id.* at 20:3-6; 118:11-13. Ng testified credibly and the Court finds that the parties also agreed that Ou would work at the restaurant six days a week from opening to closing time.[2] *Id.* at 117:19-118:10. Defendant presented documentary evidence that

---

[1] Plaintiff also received two free meals a day and free housing at an apartment building in Secaucus, New Jersey from defendant. Tr. at 21:25-22:3; 25:20-21; 26:22-23. Defendant has not asserted that the lodging or meals are relevant to the Court's analysis.

[2] Upon consideration of his testimony and observation of his demeanor, the Court finds Ou was not a credible witness and generally discredits his testimony. As explained below in footnote 4,

Ou worked six days a week from 11:00 a.m. to 10:00 p.m. with a one-and-a-half-hour break. *See* Defense Exhibit 2. Both Ou and Ng testified that plaintiff worked until 11:00 p.m. Tr. at 21:15-18; 118:5-7. Ou contested that he was given a break during his workday. *Id.* at 21:21-24. Considering all of the evidence, and weighing the credibility of witnesses, the Court finds that Ou worked six days a week from 11:00 a.m. to 11:00 p.m. with at least a one-hour break, equal to 66 hours per week.[3]

It was admitted by both parties that defendant Ng loaned Ou $30,000 in November or December 2014. *Id.* at 42:18-23. The purpose of the loan was unclear from the testimony at the trial. Ou testified he wanted to "buy a house," but did not, and used the money for "everyday expenses."[4] *Id.* at 50:23-51:4. Ng indicated that Ou borrowed the money to sponsor his wife's move to the United States from China. *Id.* at 62:12-14. Ou agreed to repay the loan by reducing the amount received in his paychecks by $1,000 or $2,000 every month. *Id.* at 48:2-13. The loan

---

Ou stated he borrowed $30,000 from defendant for "everyday expenses" when he received free housing and two meals a day six days a week. Additionally, Ou went missing and was unable to be reached by counsel for several weeks during this litigation. *See* ECF No. 72, 76. Ou was also impeached during the trial, first stating on direct examination that he never had the authority to hire any employees, and then stating on cross examination that he was given $7,000 at one time by defendant Ng to hire a chef for the restaurant. *See* Tr. at 55:10-12; 78:1-2. Thus, the Court discredits Ou's testimony that the parties did not discuss the hours Ou would work for the restaurant in favor of Ng's testimony that the same was discussed during the hiring process.

[3] Ou worked from opening to closing six days a week and the restaurant was closed between 3:00 p.m. and 4:30 p.m. every day. *See* Tr. at 21:8-12; 143:12-19. Considering that there were at least four other cooks and additional workers to prepare the kitchen for the dinner shift, the Court finds Ou received at least a one-hour break every day. *See id.* at 52:19-22; 145:6-9.

[4] This testimony contributed to a significant decrease in Ou's credibility in the Court's view. It is highly unlikely that an individual who has no living expenses and receives two free meals six days a week would need an extra $30,000 for "everyday expenses."

3

was never repaid in full and Ou still has an outstanding debt of at least $10,000 to defendant.[5]  *Id.* at 45:24-46:1.

As to plaintiff's compensation, Ou received both checks and cash that combined would equal $5,000 per month,[6] minus the amount used to repay the loan to defendant Ng. *Id.* at 29:1-5; 47:18-22; 48:21-25; 119:10-14.   This testimony was supported by documentary evidence presented by defendant, including Ou's paystubs reflecting the checks distributed to Ou and "Expense Vouchers" reflecting the amount of cash distributed and noting any deductions for the loan repayment. *See* Defense Exhibit 1.  The Court finds these documents accurately detail the compensation Ou received during his employment with defendant.   Therefore, Ou generally received $2,000 to $3,000 per month after the deduction. *See id.* at 48:2-5.

## III.    CONCLUSIONS OF LAW

Congress enacted the FLSA for the purpose of protecting "all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981).  The FLSA and New Jersey Wage and Hour Laws require that employees receive no less than the minimum wage (currently $7.25 per hour federally, $8.38 in New Jersey in 2015, and $8.25 in New Jersey in 2014) and that employees receive overtime pay in the amount of one and a half times the employee's regular rate for every hour worked in excess of forty hours per week. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1); *Kehler v. Albert Anderson, Inc.*, Civ. No. 16-5318 (JBS) (KMW), 2017 WL 1399628, at *9, n.4 (D.N.J. Apr. 18, 2017) (citing N.J.S.A. Const. Art. 1, ¶ 23).

---

[5] The Court notes that the issue of the outstanding loan to plaintiff was the subject of another legal proceeding and is not before this Court.

[6] Ng testified that this was done at Ou's request.  Tr. at 118:25.

A. Deductions

In compliance with the FLSA, an employer "may recover through payroll deductions monies owed to them by their employees, effectively paying those employees 'cash in hand' of less than the minimum wage." *Miller v. Univ. of Pittsburgh Med. Ctr., McKeesport*, Civ. No. 06-937, 2008 WL 11450427, at *16 (W.D. Pa. July 10, 2008), *aff'd sub nom. Miller v. Univ. of Pittsburgh Med. Ctr.*, 350 F. App'x 727 (3d Cir. 2009). Further, in New Jersey, an employer may deduct a portion of an employee's wages for "payments for employer loans to employees, in accordance with a periodic payment schedule contained in the original loan agreement." N.J.S.A. § 34:11-4.4.

As explained above, Ou took out a $30,000 loan from his employer, defendant Ng, and the parties agreed the loan would be paid back through deductions in Ou's compensation on a monthly basis. The deduction of plaintiff's wages to repay the loan taken from his employer was thus in compliance with federal and New Jersey law. The Court therefore finds that despite the monthly deduction to repay the loan, plaintiff earned $5,000 each month for purposes of the FLSA and New Jersey law.[7]

---

[7] Plaintiff implies that a deduction may not reduce an employee's compensation below minimum wage. *See* ECF No. 97 at 3. Plaintiff, however, only cites one Fifth Circuit case from 1973, *Brennan v. Veterans Cleaning Service, Inc.*, 482 F.2d 1362 (5th Cir. 1973). The case cited above, *Miller v. Univ. of Pittsburgh Med. Ctr., McKeesport*, Civ. No. 06-937, 2008 WL 11450427, at *16 (W.D. Pa. July 10, 2008), *aff'd sub nom. Miller v. Univ. of Pittsburgh Med. Ctr.*, 350 F. App'x 727 (3d Cir. 2009), a district court case affirmed by the Third Circuit, is more recent and persuasive to this Court. Thus, the Court finds plaintiff's compensation was $5,000 per month and thus exceeded minimum wage throughout his employment with defendant, as calculated *infra*.

B. Overtime Wages

When an employee is provided a weekly salary, "the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a). Although there is a rebuttable presumption that an employee's weekly salary covers 40 hours per week, "the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *Moon v. Kwon*, 248 F. Supp. 2d 201, 207 (S.D.N.Y. 2002) (quoting *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)).

In this case, defendant had the burden to show that the parties agreed plaintiff's salary would cover the 66 hours plaintiff worked each week. The Court finds defendant met that burden and that both parties understood the agreed upon salary ($5,000 per month or $1,250 per week) was intended as compensation for the 66 hours per week Ou worked at the restaurant. Both parties testified that they agreed that Ou would work for the restaurant for $5,000 per month and in fact received that amount. Tr. at 20:4-6. Ng testified that the two discussed that Ou would work in the restaurant from opening to closing. *Id.* at 117:19-118:10. Ou also testified that he understood he was expected to work from opening to closing, that his hours were the operating hours of the restaurant, and that he worked those hours for the duration of his employment. *Id.* at 21:9-12. At no point did Ou indicate that he understood his schedule to be 40 hours per week. As explained above, the Court credits Ng's testimony and finds that the two parties came to an agreement that the salary discussed would include all hours worked. *See Moon*, 248 F. Supp. 2d at 208.

Further, the Court notes that Ou's paystubs indicate that he was compensated $10 per hour and $15 per hour for overtime. *See* Defense Exhibit 1. Ou testified at the trial he had seen those

6

documents before. Tr. at 33:8-14. Despite Ou's testimony that he was unaware of how much he earned, the evidence was clear that he did receive a paystub every two weeks which indicated his pay included an overtime premium. In fact, Ou earned more than the amount reflected in the paystubs, but Ou requested that his paychecks reflect only half of his wages and that he receive cash payments for the remaining amount.[8] The documentary evidence therefore does not accurately reflect Ou's true wages at his own request, but indicate that Ou was made aware that he was to receive an overtime premium for the hours he worked. The Court therefore finds that the parties contemplated Ou's wages to include an overtime premium. Accordingly, the Court finds that defendant is not liable to plaintiff for overtime compensation and that Ou received the full amount of wages to which he was entitled by law.[9]

## IV.    CONCLUSION

IT IS on this day, August 8, 2019:

**ORDERED** that Judgment is entered in favor of defendant and against plaintiff on plaintiff's claims pursuant to the Fair Labor Standards Act and New Jersey Wage and Hour Laws; and it is further

**ORDERED** that each party is directed to bear its own costs, except as provided by law; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Hon. Leda Dunn Wettre
United States Magistrate Judge

---

[8] At a rate of $1,250 for 66 hours per week, Ou earned approximately $15.83 per hour and $23.76 in overtime.

[9] As the Court finds defendant was paid sufficient overtime compensation pursuant to the parties' agreement, the Court need not reach the issue of whether plaintiff was an exempt employee.

7